# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> REPUBLIC CRANE SERVICES, LLC, *et al.*, <br><br> Defendants. | Case No. 2:09-CV-1775-KJD-CWH <br><br> **ORDER** |

Before the Court is Garnishee, Republic Tower & Hoist, LLC's ("Garnishee") Motion to Set Aside Judgment (#60). Plaintiffs Trustees of the Operating Engineers Pension Trust, *et al.*, have failed to respond despite the Court's warning that failure to file a response would constitute consent to the motion (#66).

I. Background

The underlying matter concerns a debt owed by Defendant Republic Crane Services, LLC ("Defendant") to Plaintiffs. One of Defendant's officers represented in a Judgment Debtor Examination that Garnishee owed Defendant approximately $2 million. Defendant then served a writ of garnishment on Garnishee seeking to seize Defendant's property in Garnishee's possession or control. Garnishee responded to the statutorily specified interrogatories denying that it was in

possession of Defendant's property or money. Plaintiffs provided an affidavit and documentation supporting their contention that Garnishee is in fact in possession of Defendant's property or money. Garnishee took no further action until it filed the present motion (#60). However, Plaintiffs filed a Notice of Non-Opposition (#58) seeking entry of default judgment against Garnishee, which the Court granted (#59).

II. Analysis

Plaintiffs asked the Court to enter judgment in their favor "pursuant to Fed. R. Civ. P. 69 and NRS 31.330" (#58). However, Rule 69 merely clarifies that Nevada procedure will govern this garnishment proceeding. Similarly, NRS 31.330 simply details the procedure and time line for the garnishee and the plaintiff to answer and reply respectively. Importantly, neither Rule 69 nor NRS 31.330 provide for the entry of default judgment where garnishee has timely denied possession of a defendant's property. Thus, the Court's prior order (#59) was premature. In addition, "where there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

III. Conclusion

Accordingly, and with Plaintiffs consent, Garnishee's Motion to Set Aside Judgment (#60) is **HEREBY GRANTED**.

DATED this 15th day of November 2013.

_____
Kent J. Dawson
United States District Judge